Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHARI'S MANAGEMENT CORPORATION d/b/a SHARI'S RESTAURANTS, a Delaware corporation,<br><br>        Defendants. | Case No. 2:13-cv-1748-TSZ<br><br>DEFENDANT SHARI'S RESTAURANT, INC. ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES |

Defendant Shari's Management Corporation d/b/a Shari's Restaurants ("Shari's") answers as follows:

## I. ANSWER

1. To the degree paragraph 1 entitled Nature of the Action makes factual allegations, they are denied.

2. Defendant admits that the court has jurisdiction over this matter.

3. Defendant denies that supplemental jurisdiction is appropriately exercised in this case.

4. Defendant admits that venue is appropriate in this case.

DEFENDANT SHARI'S RESTAURANT, INC. ANSWER TO
PLAINTIFF'S COMPLAINT FOR DAMAGES - 1
(Case No. 2:13-cv-1748-TSZ)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:460428.1

5. Defendant lacks knowledge as to plaintiff's present residence, admits that plaintiff is a citizen of the state of Washington, and otherwise denies the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant admits plaintiff was employed by defendant Shari's and otherwise denies the allegations of paragraph 9.

10. Defendant admits that plaintiff worked within the jurisdiction of the United States District Court for the Western District of Washington and otherwise denies the allegations of paragraph 10.

11. Defendant admits that plaintiff filed a charge with the Washington Human Rights Commission and also filed with the Equal Employment Opportunity Commission and that the Equal Employment Opportunity Commission subsequently issued a right to sue letter to plaintiff and otherwise denies the allegation of paragraph 11.

12. Paragraph 13 makes a legal, not a factual, allegation and therefore does not require an answer; defendant denies the allegations of paragraph 12 to the degree there are factual allegations.

13. Defendant denies the allegations of paragraph 13.

14. Defendant admits that the plaintiff claims that she suffered from diabetes while she was employed with defendant. Defendant denies the remaining factual allegations of paragraph 14 and alleges that it need not answer plaintiff's legal allegations.

15. Defendant admits the plaintiff worked as a server and hostess at Shari's and otherwise denies any allegations of paragraph 15.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8884
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:460428.1

16. Defendant admits the plaintiff told defendant that she had diabetes and need not answer the legal allegations in paragraph 16 and denies any remaining factual allegations.

17. Paragraph 17 asserts legal allegations which do not require an answer, and defendant denies any factual allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant incorporates its answers to the preceding paragraphs of the Complaint to the degree plaintiff attempts to incorporate her allegations in the first 20 paragraphs in paragraph 21 and otherwise denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

## II. PLAINTIFF'S PRAYER FOR RELIEF

Answering the prayer for relief and paragraphs A, B, C, D, E, F, G, H, I, and J hereunder of the plaintiff's complaint, defendant denies saying and denies it is liable to plaintiff for any amount whether plaintiff is entitled to any injunctive relief. To the extent that factual allegations are asserted therein, defendants deny the same.

## III. GENERAL DENIAL

Defendant denies each and every allegation contained in plaintiff's complaint not specifically admitted in this Answer.

## IV. AFFIRMATIVE DEFENSES

By way of further answer and/or affirmative defenses, defendant states and alleges that the complaint could be dismissed in whole or in part based upon the following affirmative defenses:

DEFENDANT SHARI'S RESTAURANT, INC. ANSWER TO
PLAINTIFF'S COMPLAINT FOR DAMAGES - 3
(Case No. 2:13-cv-1748-TSZ)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8884
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:460428.1

1. Plaintiff fails to state a claim of upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, or are otherwise time barred.

3. Plaintiff's damages and/or claims are barred in whole or in part by the Washington Industrial Insurance Act which is plaintiff's exclusive remedy.

4. Plaintiff's injuries/losses, if any, were the result of plaintiff's own negligent and/or intentional conduct.

5. Plaintiff's injuries/losses, if any, were the result of plaintiff's failure to take reasonable steps to negate or avoid her damages.

6. Defendant is entitled to a set off against damages, if any, or any amounts earned or which could have been earned by plaintiff following her termination from employment with Shari's.

7. Defendant acted at all times in good faith.

8. Defendant's actions were based on legitimate, nondiscriminatory, and nonretaliatory reasons.

9. Defendant took steps to prevent and correct discrimination and/or harassment and/or retaliation.

10. Plaintiff had reasonably failed to avoid harm.

11. Plaintiff was comparatively and/or contributorily negligent.

12. Plaintiff has unclean hands.

13. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, waiver, and/or laches.

14. Further, by way of reservation of rights, without waiver, defendant specifically reserves the right to amend its answer by way of any additional parties, affirmative defenses, counterclaims, cross-claims, and third-party claims as additional investigation, discovery of circumstance warrants.

DEFENDANT SHARI'S RESTAURANT, INC. ANSWER TO
PLAINTIFF'S COMPLAINT FOR DAMAGES - 4
(Case No. 2:13-cv-1748-TSZ)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8884
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:460428.1

## V. REQUEST FOR RELIEF

WHEREFORE, having fully answered plaintiff's complaint, defendant requests the following relief:

1. Plaintiff's claims be dismissed with prejudice;
2. Defendants be awarded their costs and attorney fees; and

That the court award any other remedy it deems appropriate.

DATED this 21st day of October, 2013.

MILLER NASH LLP


*/s/ Francis L. Van Dusen, Jr.*
Francis L. Van Dusen, Jr., WSB No. 13669
4400 Two Union Square
601 Union Street
Seattle, Washington 98101
Telephone: (206) 622-8484
Fax: (206) 622-7485
E-mail: frank.vandusen@millernash.com

Attorneys for Defendant

DEFENDANT SHARI'S RESTAURANT, INC. ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 5
(Case No. 2:13-cv-1748-TSZ)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:460428.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed and served the foregoing ANSWER on all parties of record via the Court's CM/ECF system.

>Scott C. G. Blankenship
>The Blankenship Law Firm, P.S.
>1000 – 2nd Ave Ste. 3250
>Seattle, WA 98104-1094

Under the laws of the state of Washington, the undersigned hereby declares, under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Executed at Seattle, Washington, this 21st day of October, 2013.

>*/s/ Francis L. Van Dusen, Jr.*
>Francis L. Van Dusen, Jr., WSB #13669
>
>Attorneys for Defendant

CERTIFICATE OF SERVICE - 1
(Case No. 2:13-cv-1748-TSZ)

**MILLER NASH LLP**
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

SEADOCS:460428.1